Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| JOSÉ SÁNCHEZ<br><br>Parte Recurrida<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAGUAS Y OTROS<br><br>Parte Peticionaria | TA2025CE00716 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Caguas<br><br>Caso Núm. CG2025CV01091<br><br>Sobre: ACOMETIMIENTO O AGRESIÓN |
|---|---|---|

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparecen los señores Jomar Pagán Báez, Julio Luna Aponte y Pablo Rodríguez Rivera (en conjunto, codemandados peticionarios) solicitan que revisemos una resolución interlocutoria emitida y notificada el 17 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas, que declaró *no ha lugar* a la *Solicitud de desestimación por prescripción de la causa de acción* presentada por éstos.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

## I.

Conforme surge del expediente, el demandante recurrido, Sr. José Sánchez, presentó una primera reclamación judicial en daños y perjuicios en el caso CG2023CV01187, por los mismos hechos alegados en la demanda del caso que da lugar al recurso de epígrafe.

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

El 3 de abril de 2024, el TPI dictó sentencia en el caso CG2023CV01187 y desestimó sin perjuicio la referida causa de acción.

Así las cosas, y según el *Comprobante de radicación electrónica,* la demanda del presente caso se instó el 3 de abril de 2025, a las 11:58 p.m.[2] Empero, el sistema electrónico consignó en la parte superior de la demanda que ésta se incoó el 4 de abril de 2025, a las 12:00:25 a.m.[3]

La solicitud de desestimación de los codemandados peticionarios se basó en que el nuevo término prescriptivo de un (1) año para ejercitar la reclamación para exigir responsabilidad extracontractual se activó a partir de la sentencia del 3 de abril de 2024, razón por la cual el plazo prescribió el 3 de abril de 2025. Por tanto, expresaron que procedía que el tribunal desestimara por prescripción, y con perjuicio, la demanda del 4 de abril de 2025.[4]

Por su parte, en su *Moción en Oposición a Moción de Desestimación*, el Sr. José Sánchez precisó la fecha de transacción y presentación que consta en el comprobante de radicación electrónica, para argüir que la demanda se presentó en tiempo hábil.[5]

Evaluados los escritos, el TPI denegó la solicitud de desestimación de los codemandados peticionarios por los fundamentos expuestos en la moción en oposición.[6] Luego, mediante orden notificada el 3 de octubre de 2025, declaró *no ha lugar* la moción de reconsideración presentada por éstos.[7]

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), expediente judicial del caso CG2025CV01091, Entrada 57, Anejo A.
[3] *Íd.,* Entrada 1.
[4] *Íd.,* Entrada 48.
[5] *Íd.*, Entrada 57.
[6] *Íd.,* Entrada 58.
[7] *Íd.,* Entradas 64-65.

Así, en su recurso, presentado el 3 de noviembre de 2025, los codemandados peticionarios apuntaron el siguiente señalamiento de error:

Erró el Honorable Tribunal de Primera Instancia al no desestimar con perjuicio la presente causa de acción, a pesar de que, conforme al expediente del caso, la demanda fue presentada el 4 de abril de 2025, transcurrido el término prescriptivo de la misma que culminaba el 3 de abril de 2025.

En síntesis, luego de citar el primer párrafo y los incisos (g) y (h) de la Sección VII de las *Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo,* según enmendadas, arguyen que el foro recurrido abusó de su discreción al negarse a desestimar por prescripción la demanda del presente caso.

**II.**

Examinado el recurso presentado por los codemandados peticionarios nos percatamos que éste versa sobre la denegatoria de una moción dispositiva, asunto contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil[8]. Sin embargo, en este recurso no concurren los criterios contenidos en la Regla 40 de nuestro Reglamento[9], por lo que no vemos razón alguna para intervenir con la amplia discreción que ostenta el foro primario para regir sus procedimientos.

Nótese, además, que la Sección XX de las Directrices Administrativas reconoce que, cuando surja alguna situación no prevista por las directrices, "el juez o la jueza que presida el caso podrá reglamentar su práctica en cualquier forma que no sea inconsistente con estas Directrices Administrativas o con cualquier legislación aplicable". Ello, en atención a la Sección XXI, que indica

---

[8] Véase, Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.
[9] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra*, págs. 59-60.

que las Directrices "no alterarán las normas sustantivas ni el ordenamiento jurídico vigente", y su interpretación "será compatible y complementaria con las Reglas de Procedimiento Civil".

**III.**

Por lo anterior, denegamos la expedición del auto de *certiorari*.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones